UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NOVA RANGER, INC., | ) | Civil No. 08cv1092 L(NLS) |
| Plaintiff, | ) ) | **ORDER RE: "ANSWER" FILED BY SPRING HEALTH PRODUCTS, INC.** |
| v. | ) ) | **[doc. #15]** |
| PATTERSON DENTAL SUPPLY, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

On November 12, 2008, defendant Spring Health Products, Inc. filed what is designated as an "Answer for patent infringement" in this action. There are two problems with this filing. First, the document is not an answer to the complaint. (*See* Federal Rule of Civil Procedure 8.) Instead, the document sets forth in its entirety: "Defendant alleges: Alexander Lieb (Owner) will represent himself pro se." This is not a response to a pleading that states "in short and plain terms its defenses to each claim asserted against it," and admits or denies the "allegations asserted against it by an opposing party." FED. R. CIV. P. 8(b)(1)(A) and (B). Accordingly, the Court construes Spring Health Products "answer" as a notice of intent to proceed in *pro se* and the docket shall reflect this change of description.

Second, Alexander Lieb is not a defendant in this action. Rather, Mr. Lieb's business, Spring Health Products, Inc., is the defendant. Because Spring Health Products, Inc. is a corporation or business entity, it must be represented by counsel and cannot defend this action in *pro se*. *Rowland v.*

*Cal. Men's Colony*, 506 U.S. 194, 202-03 (1993); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *Gamet v. Blanchard*, 91 Cal. App. 4th 1276, 1284 n.5 (2001); *accord* CIV. LOC. R. 83.3k.  Therefore, in order for Spring Health Products, Inc. to defend this action, it must obtain counsel promptly.  The Court will allow Spring Health Products, Inc. 30 days from the file-stamped date of this Order to have counsel enter an appearance on its behalf.  If counsel makes an appearance, Spring Health Products, Inc. shall file an answer or other responsive pleading within 10 days of that appearance.  A default may not be taken against Spring Health Products, Inc. unless defendant does not comply within the time provided in this Order.

Based on the foregoing, **IT IS ORDERED** defendant Spring Health Products' "answer" shall be construed as a notice on the Court's docket.  **IT IS FURTHER ORDERED** that Spring Health Products, Inc. shall file a notice of appearance of counsel within 30 days of the filing of this Order and thereafter shall answer or otherwise respond to plaintiff's complaint within 10 days of the filing of the notice of appearance of counsel.  Failure to comply with the Court's Order may result in entry of default against defendant Spring Health Products, Inc.

**IT IS SO ORDERED.**

DATED: November 13, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL