UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NOVA RANGER, INC., | ) | Civil No. 08cv1092 L(NLS) |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING WITHOUT** |
| | ) | **PREJUDICE REQUEST FOR** |
| v. | ) | **EXTENSION OF TIME** |
| | ) | |
| PATTERSON DENTAL SUPPLY, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

On December 12, 2008, defendant Spring Health Products, Inc. filed what is designated as an "Answer for patent infringement" in this action but in a single statement, Alexander Lieb, the owner of Spring Health Products, Inc., requests a "30-day extension to find counsel." In an earlier Order, the Court found that Mr. Lieb is not a defendant in this action but instead, Mr. Lieb's business, Spring Health Products, Inc., is the defendant. Because Spring Health Products, Inc. is a corporation or business entity, it must be represented by counsel and cannot defend this action in *pro se*. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202-03 (1993); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *Gamet v. Blanchard*, 91 Cal. App. 4th 1276, 1284 n.5 (2001); *accord* CIV. LOC. R. 83.3k. The Court therefore granted Spring Health Products, Inc. 30 days in which to have counsel enter an appearance on its behalf. (*See* Order filed November 13, 2008 [doc. #16].)

Mr. Leib's current filing has several deficiencies. First, as noted above, the document is entitled "ANSWER FOR patent infringement." The Court construes the document as an "ex

parte motion for an extension of time."

Second, the caption does not list the plaintiff, Nova Ranger, but instead is blank. Where the defendants are to be listed in the caption, Mr. Lieb placed the name of plaintiff's counsel. Mr. Lieb is directed to follow the caption formatting in this Order in future filings.

Third, Mr. Lieb has not filed a certificate of service indicating that he has served all parties with his document. Mr. Lieb is admonished that he must serve upon plaintiff and other defendants or, if appearance has been entered by counsel, upon plaintiff's and defendants' counsel, a copy of every further pleading or document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on the other parties or counsel for the other parties and the date of service. Any paper received by a district judge or a magistrate judge that has not been filed with the Clerk of the Court or which fails to include a certificate of service will be stricken by the court.

Finally, Mr. Lieb does no more than state that his request for an extension of time is to "find counsel." Mr. Lieb has not indicated what steps he has already taken to obtain counsel, why he has been unable to retain counsel in the past 30 days, what plans he has to obtain counsel in the next 30 days, or any facts to support his request for additional time.

Because of these deficiencies, the Court will deny the request for additional time without prejudice. Mr. Lieb may renew his ex parte motion for an extension of time but must comply with the Federal Rules of Civil Procedure, the Civil Local Rules, and Orders of the Court.

Based on the foregoing, **IT IS ORDERED** denying without prejudice defendant Spring Health Products' ex parte request for a 30-day extension of time. Spring Health Products, Inc.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

shall file a notice of appearance of counsel within 30 days of the filing of this Order and thereafter shall answer or otherwise respond to plaintiff's complaint within 10 days of the filing of the notice of appearance of counsel.  Failure to comply with the Court's Order may result in entry of default against defendant Spring Health Products, Inc.

**IT IS SO ORDERED.**

DATED: December 15, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL